■ CARIBBEAN ASSOCIATES LIMITED PARTNERSHIP, Individually and as Assignee of VIRGIN ISLE HOTEL LIMITED PARTNERSHIP and Another, Respondent, v FRENKEL & COMPANY, Appellant, et al., Defendant. [659 NYS2d 757] —Order, Supreme Court, New York County (Norman Ryp, J.), entered April 19, 1996, which, in an action by a second mortgagee against an insurance broker for having procured inadequate insurance, granted defendant broker's motion to reargue a prior order, same court and Justice, entered on or about December 12, 1995, denying its motion for summary judgment dismissing the complaint based on a general release, and, upon reargument, dismissed so much of the complaint as represents plaintiff's own claims and sustained so much of the complaint as represents claims brought by plaintiff as assignee of the property owner and first mortgagee, unanimously affirmed, without costs.

The parties' intention with respect to whether or not the release plaintiff gave defendant broker was to cover any inadequacy of insurance coverage claims that might be assigned to plaintiff in the future is not clear on this record (*Stanfill Plumbing & Heating Corp. v Dravo Constructors*, 191 AD2d 187). The release, which explicitly covers only plaintiff's claims and promises "best efforts" to obtain similar releases from the property owner and first mortgagee, at a minimum may show an intention on plaintiff's part merely to defer the assertion of any claims against the broker by the property owner and first mortgagee while plaintiff's attorney, who had represented the broker in other matters, negotiated a settlement with the insurance company that was to be distributed among plaintiff, the property owner and the first mortgagee. In fact, no such claims were made while the negotiations with the company were ongoing. Now that the negotiations have been concluded, the attorney in question is no longer engaged, and the purpose of the release, as viewed by plaintiff, which was to enable it to secure the services of that attorney, has been accomplished. The viability of the assigned claims depends on the intention of the parties and remains a factual issue. Concur—Rosenberger, J. P., Wallach, Nardelli, Rubin and Colabella, JJ.